**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARTIN J. SUTTON-EL,** | : | |
| Petitioner | : | CIVIL ACTION NO. 3:10-0391 |
| v. | : | (KOSIK, D.J.) |
| | | (MANNION, M.J.) |
| **BRYAN A. BLEDSOE,** | : | |
| Respondent | : | |

**REPORT AND RECOMMENDATION**[1]

The petitioner, formerly an inmate at the United States Penitentiary, Lewisburg, Pennsylvania, filed the instant petition for writ of habeas corpus, in which he claims that he is improperly being denied a parole hearing in accordance with the District of Columbia Sentence Computation Manual, Program Statement 5800.32[2]/[3]. (Doc. No. 1). Upon receipt of the appropriate

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

[2] See Program Statement 5880.33, District of Columbia Sentence Computation Manual (July 9, 2010) (formerly Program Statement 5880.32, reissued and reformatted without any textual changes), available at http://www.bop.gov/DataSource/execute/dsPolicyLoc.

[3] The court notes that the petitioner filed the instant petition pursuant to 28 U.S.C. §2241. Because his sentence was imposed by the Superior Court of the District of Columbia, he is considered a state prisoner for federal habeas purposes. See Banks v. Marberry, 2008 WL 1881802 (W.D.Pa.) (citing Keitt v. U.S. Parole Comm'n, 238 Fed.Appx. 755, 758 (3d Cir. 2007) (citing Madley v. United States Parole Comm'n, 278 F.3d 1306 (D.C.Cir.

(continued...)

filing fee, (Doc. No. 7), an order to show cause was issued by the court on April 12, 2010, (Doc. No. 9). A response to the petition was filed on May 3, 2010. (Doc. No. 12). On May 19, 2010, the petitioner filed a response. (Doc. No. 13).

By way of relevant background, on October 21, 1997, the petitioner was arrested by District of Columbia local police. The petitioner has remained in custody since that time. The petitioner entered a plea of guilty to manslaughter while armed, and on May 5, 1998, the Superior Court of the District of Columbia sentenced the petitioner to an indeterminate prison term of fourteen (14) to forty-five (45) years.

On February 23, 2010, the petitioner brought the instant action claiming that, as of the date of his petition, he is approximately one year past the date he should have received an initial parole hearing pursuant to Program Statement 5880.32 of the District of Columbia Sentence Computation Manual. The petitioner relies upon Chapter 16 of Program Statement 5880.32, which

---

³(...continued)
2002)); Morgan v. LaManna, 150 Fed.Appx. 145, 147 (3d Cir. 2005)). The Court of Appeals for the Third Circuit has held that an inmate challenging the execution of a sentence imposed by the Superior Court of the District of Columbia must rely on the more specific habeas provisions applicable to state prisoners, 28 U.S.C. §2254, and may not rely on §2241. Id. Given this, the instant action will be construed as being filed under §2254. The practical impact of this construction is that he must receive a certificate of appealability in order to pursue an appeal. Id.; 28 U.S.C. §2253(c)(2).

provides that "[u]nder the provisions of §24-208(b), a person convicted of a crime of violence as defined by §22-3201, shall not be paroled prior to serving 85% of the minimum sentence imposed; provided, that any mandatory minium sentence shall be served in its entirety." §16.22. The petitioner argues that his conviction falls under the definition of a crime of violence, which includes manslaughter. §16.24. The petitioner argues that, according to his sentencing monitoring data sheet, he is serving time under D.C. Code §22-2405, Penalty for manslaughter, which has no minimum incarceration time, and D.C. Code §22-3202, Additional penalty for committing crime when armed, which contains a mandatory minimum sentence of five years. As such, the plaintiff argues that officials are improperly applying Program Statement 5800.32, §16.29, which provides "[i]f the 85/15% date is equal to or less than the mandatory minimum date, the mandatory minimum date will become the parole eligibility date," instead of §16.30, which provides "[i]f the 85/15% date is greater than the mandatory minimum date, then good time credits will be deducted from the minimum term date until reaching the 85/15% date in which case the 85/15% date will become the parole eligibility date." The petitioner argues that his 85% date is not equal to or less than the mandatory minimum date because the mandatory minimum date in his case is five years pursuant to D.C. Code §22-3202. He argues, therefore, that §16.30 should apply

3

because his 85% date is greater than the mandatory minimum date. Relying on §16.30, the petitioner argues that he has long been eligible for a parole hearing, but has not yet received one. The petitioner is seeking placement on the next available parole docket and/or immediate release.

Upon review of the respondent's materials, pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, 11201, 111 Stat. 734 (codified at D.C. Code Ann. 24-101), custodianship of D.C. Code felony offenders, including sentence computation, was transferred to the BOP. In accordance with Program Statement 5880.32, District of Columbia Sentence Computation Manual, the Bureau of Prisons, ("BOP"), prepared a sentence computation for the petitioner commencing his sentence on May 5, 1998, the date the sentence was imposed. The petitioner was given jail credit of 196 days, from the date of his arrest on October 21, 1997, through the day before he was sentenced, May 4, 1998. In addition, as of the sentence computation, the petitioner is receiving 160 days of Education Good Time Credit[4]. His parole eligibility date has been determined to be May 14, 2001. This date is predicated upon him serving his minimum term of

---

[4]On February 5, 2010, the petitioner was informed that he would receive only 90 days of extra good time making his parole eligibility date July 23, 2011. (Doc. No. 1, Ex. 4(c)). However, the petitioner's sentence monitoring good time data as of April 20, 2010, reflects education credit awards of 160 days, making his parole eligibility date May 14, 2011. (Doc. No. 12, Ex. 1, Attachment 8).

fourteen (14) years. According to the respondent's materials, the petitioner's eligibility date was computed in the following manner:

> The Date Computation Begins, or DCB of 05-05-1998 or 1998yrs 05mos 05days plus the term in effect or TIE of 14 years or +14years equals a raw full term date of 2012yrs 05mos 04days or 05/04/2012, which is a Julian Calendar Date of 26788 subtract presentence time of 196 days -196 days subtract 160 days of Education Good Time Credit -160 days arrives at a parole eligibility date of 26432 Julian Calendar date, or 05/14/2011, May 14, 2011[5].

(Doc. No. 12, Ex. 1).

Although the petitioner argues that his parole eligibility date should have been based upon the five year mandatory minimum term provided for in D.C. Code §22-3202, the record indicates that the petitioner entered a plea of guilty to manslaughter while armed. While the petitioner originally faced a mandatory minimum sentence of five years under District of Columbia law, he was sentenced to an indeterminate term of fourteen (14) to forty-five (45) years based upon his plea. Thus, under District law, he is not eligible for parole until he serves 85% of the bottom range of his indeterminate sentence, as calculated by the respondent above.

---

[5] The court notes that, according to documents appended to the petitioner's reply brief, inmates are placed on the parole docket approximately six (6) months prior to their eligibility date. (Doc. No. 13, Ex. 4(H)). As such, although the court has not been advised of such, it is possible that the petitioner has already received the parole hearing he is requesting herein. To the extent that he has, this request for relief would be moot.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

the petition for writ of habeas corpus, **(Doc. No. 1)**, be **DENIED**.

      s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date:** March 28, 2011

O:\shared\REPORTS\2010 Reports\10-0391-01.wpd