UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MARTIN J. SUTTON-EL,

    Petitioner,

vs.

BRYAN A. BLEDSOE,

    Respondent.

3:10-CV-0391

(Judge Kosik)

FILED
SCRANTON
APR 20 2011
PER_____
DEPUTY CLERK

## MEMORANDUM AND ORDER

AND NOW, THIS __20th__ DAY OF APRIL, 2011, IT APPEARING TO THE COURT THAT:

(1) Petitioner, Martin J. Sutton-el, a prisoner formerly confined at the United States Penitentiary, Lewisburg, Pennsylvania[1] filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254[2] on February 23, 2010;

(2) In his petition, petitioner argues that he is improperly being denied a parole hearing because the Bureau of Prisons incorrectly calculated his parole eligibility date;

(3) The action was assigned to Magistrate Judge Malachy E. Mannion for Report and Recommendation;

(4) On March 28, 2011, the Magistrate Judge issued a Report and Recommendation (Doc. 16) wherein he recommended that the petition for writ of habeas corpus be denied;

(5) Specifically, the Magistrate Judge reviewed the sentence computation

---

[1] Petitioner is presently confined at the United States Penitentiary McCreary, Pine Knot, Kentucky.

[2] Petitioner filed the instant petition pursuant to 28 U.S.C.§ 2241, however, as the Magistrate Judge points out, because petitioner's sentence was imposed by the Superior Court of the District of Columbia, he is considered a state prisoner for federal habeas purposes.

information provided by Respondent (Doc. 12), and concluded that under District of Columbia law, petitioner will not be eligible for parole until he serves 85% of the bottom range of his indeterminate sentence, as calculated by the Bureau of Prisons, to arrive at a parole eligibility date of May 14, 2011;

(6) On April 12, 2011, petitioner filed a "Notice of Appeal" (Doc. 17), which we will construe as objections to the Report and Recommendation.

AND, IT FURTHER APPEARING THAT:

(7) When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a de novo determination of those portions of the Report to which objections are made. 28 U.S.C. §636(b)(1)©; see Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. §636(b)(1); Local Rule 72.3. Although our review is de novo, we are permitted by statute to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper. United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

(8) While petitioner has failed to set forth any specific objections, he has consistently objected to the manner in which his parole eligibility date was calculated asserting that a mandatory minimum date of five years should have been used.

(9) After reviewing the Magistrate Judge's Report, in conjunction with the Respondent's response to the petition, we agree with the Magistrate Judge's finding that the Petitioner's parole eligibility date was properly calculated by the Bureau of Prisons.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) The Report and Recommendation of Magistrate Judge Malachy E. Mannion dated March 28, 2011 (Doc. 16) is **ADOPTED**;

(2) The Petitioner's petition for writ of habeas corpus (Doc. 1) is **DENIED**;

(3) The Clerk of Court is directed to close this case and to forward a copy of this Memorandum and Order to the Magistrate Judge; and

(4) Based on the court's conclusion herein, there is no basis for the issuance of a certificate of appealability.

_____
Edwin M. Kosik
United States District Judge